UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TERINIE SUTHERLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>GRANGAARD CONSTRUCTION, INC., and ROBERT CLEMENT,<br><br>    Defendant, | 1:21-CV-1017<br><br>**COMPLAINT WITH JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Terinie Sutherland, by and through her counsel, and brings this action for retaliation, sex discrimination, and other violations of law, stating the following claims against Defendants Grangaard Construction, Inc. and Robert Clement as follows:

## PARTIES

1. At all relevant times, Terinie Sutherland has been an adult female resident of Sisseton, South Dakota.

2. At all relevant times, Grangaard Construction, Inc, has been a South Dakota corporation engaged the business of bridge building, and is headquartered in Watertown, South Dakota.

3. Brothers Yancy Grangaard and Jeremiah Grangaard actively manage and co-own the Grangaard Construction, Inc. business.

4. At all relevant times, Robert Clement was an adult resident of the state of South Dakota and a Grangaard employee.

5. At all relevant times, Plaintiff was an "employee" of Grangaard Construction, Inc. within the meaning of 42 U.S.C. § 2000e(f) and S.D. Stat. § 20-13-1. During her employment, Plaintiff was based out of Grangaard Construction, Inc.'s Watertown office.

## JURISDICTION & VENUE

6. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). As such, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

7. Plaintiff timely filed her Charge of Discrimination on January 6, 2020, and after a Determination of Probable Cause was issued, Plaintiff received a Notice of Right to Sue on April 29, 2021.

8. Plaintiff brings additional claims under the South Dakota Human Relations Act, S.D. Stat. § 20-13-1 et seq., and South Dakota common law. Supplemental jurisdiction is proper for such claims under 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within the Northern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

10. On or about July 30, 2019, Grangaard Construction, Inc. ("Grangaard Construction") hired Sutherland as a laborer.

11. During Sutherland's employment, she was the only female employed by Grangaard Construction.

12. Sutherland was qualified and performed the job duties assigned to her in a manner that met her employer's expectations.

13. During Sutherland's employment, Grangaard Construction did not have a written sexual harassment policy and did not provide any verbal instruction or training to advise employees that sex discrimination is illegal, how to report discriminatory harassment, or to protect employees who engaged in protected activity from reprisal.

14. During Sutherland's employment, she was required to share hotel rooms with male co-workers when the crew was assigned to remote work because Grangaard Construction refused to pay a per diem so that she could her own room.

15. On or about October 28, 2019, Robert Clement ("Clement") sexually assaulted his co-worker Terinie Sutherland ("Sutherland") when he touched her thigh and her vagina in the presence of another male co-worker during a lunch break at a job site.

16. On November 1, 2019, Sutherland reported to Daren Barse, her foreman and half-brother, that she had been sexually assaulted by Clement and that Clement was making offensive, false sexual remarks about her to their male co-workers.

17. On November 2, 2019, Sutherland reported to Grangaard Construction's president Yancy Grangaard that she had been sexually assaulted by Clement and that Clement was making offensive, false sexual remarks about her to their male co-workers.

18. Yancy Grangaard responded to Sutherland's report by telling Sutherland that he did not want to be a part of her "drama."

19. On December 5, 2019, Sutherland texted Jeremiah Grangaard and asked whether she should report being sexually assaulted by Clement to the South Dakota Department of Transportation (the "DOT") or the police. Jeremiah Grangaard responded that she should start with the police.

20. On December 5, 2019, Sutherland reported to local law enforcement that Clement had sexually assaulted her and the police opened an investigation into her report.

21. On December 6, 2019, Jeremiah Grangaard approached Sutherland on a job site, handed her a phone, and told her that she needed to speak to Yancy Grangaard. When Sutherland answered the phone, Yancy Grangaard told Sutherland "not to look at anyone, not to talk to anyone and not to even look up" or she would be terminated immediately. He continued: "I don't know what you are trying but I do promise you, my lawyer is more expensive than yours." Sutherland handed the phone back to Jeremiah Grangaard and returned to work.

22. On December 8, 2019, Yancy Grangaard approached Sutherland on a job site and stated that two of his male employees were refusing to work with her because of "the drama" she had caused by her report to law enforcement, and that she was terminated as a result. He instructed her that if she did not leave the job site immediately, she would be arrested.

23. Sutherland obeyed Yancy Grangaard and immediately left the premises

24. Sutherland was terminated on December 8, 2019.

## CAUSES OF ACTION

### COUNT I
**Reprisal Discrimination in Violation of
Title VII of the Civil Rights Act of 1964
against Defendant Grangaard Construction, Inc.**

25. Plaintiff incorporates the foregoing paragraphs by reference.

26. Title VII, 42 U.S.C. § 2000e-3(a) provides in part that it is an unlawful employment practice for an "employer to discriminate against any of his employees or applicants for employment" or "to discriminate against any individual" "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

27. As described herein, Plaintiff was threatened, subjected to a hostile work environment, and terminated in retaliation for her protected conduct in violation of 42 U.S.C. § 2000e-3.

28. Upon information and belief, after her discharge, and in further violation of Title VII, Grangaard Construction continued to retaliate against Plaintiff by interfering with her applications for employment with other employers to ensure that she was denied other job opportunities.

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of past and future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages in excess of $75,000.

30. Plaintiff is entitled to submit a claim for punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

**COUNT II**
**Sex Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964**
**against Defendant Grangaard Construction**

31. Plaintiff incorporates the foregoing paragraphs by reference.

32. 42 U.S.C. § 2000e-2(a)(1) provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]"

33. Plaintiff was subjected to different terms and conditions of employment because of her sex.

34. Defendant's conduct described herein violates 42 U.S.C. § 2000e-2.

35. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.

36. Plaintiff is entitled to submit a claim for punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT III
### Reprisal Discrimination in Violation of
### The South Dakota Human Relations Act
### against Defendant Grangaard Construction, Inc.

37. Plaintiff incorporates the foregoing paragraphs by reference.

38. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to engage in any reprisal, economic or otherwise, against a person by reason of his or her protected activity. S.D. Stat. § 20-13-26.

39. Defendant's conduct described herein, including its treatment toward Plaintiff, her hostile work environment, and her termination, violates S.D. Stat. § 20-13-26.

40. Upon information and belief, after her discharge, and in further violation of the South Dakota Human Relations Act of 1972, Grangaard Construction continued to retaliate against Plaintiff by interfering with her applications for employment with other employers to ensure that she was denied other job opportunities.

41. As a result of Defendant's violations, Plaintiff has suffered and will continue to suffer damages, including past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages.

42. Plaintiff is entitled to submit a claim for punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT IV
### Sex Discrimination in Violation of
### The South Dakota Human Relations Act
### against Defendant Grangaard Construction, Inc.

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to discharge and employee or refuse to hire and applicant because of sex. S.D. Stat. § 20-13-10.

45. Defendant's conduct described herein violates S.D. Stat. § 20-13-10.

46. As a result of Defendant's violations, Plaintiff has suffered and will continue to suffer damages, including past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages.

47. Plaintiff is entitled to submit a claim for punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT V
### Assault and Battery
### against Defendant Robert Clement

48. Plaintiff incorporates the foregoing paragraphs by reference.

49. Defendant Clement engaged in unwanted and illegal sexual contact with Plaintiff on by touching her genitals without consent, as prohibited by SDCL 22-22-7.4.

50. As a direct and proximate result of said conduct, Plaintiff has suffered mental anguish and emotional distress in an amount to be determined at trial.

51. Plaintiff is entitled to submit a claim for punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Terinie Sutherland prays for judgment against Defendants Grangaard Construction, Inc. and Robert Clement as follows:

A. That the practices of Defendant Grangaard Construction, Inc. as complained of in this Complaint be determined to violate the rights secured to Plaintiff under Title VII, the South Dakota Human Relations Act, and South Dakota common law;

B. That the actions of Defendant Robert Clement as complained of in this Complaint be determined to violate the right to be free of unwanted, non-consensual sexual contact under SDCL22-22-7.4;

C. For all relief available to Plaintiff, including compensatory relief and damages arising from loss of past and future income, benefits, emotional distress, and other damages, with interest, in an amount in excess of $75,000;

D. For all Plaintiff's attorneys' reasonable fees, costs and disbursements incurred herein, as allowed by law;

E.
F. For punitive damages, as allowed by law;

G. For a jury trial on all issues; and

H. For such further and other relief as the Court deems just and equitable.

Dated this 23 day of July, 2021.

                              */s/ Stephanie E. Pochop*
                              **JOHNSON POCHOP & BARTLING**
                              Stephanie E. Pochop (SD # 1379)
                              405 Main Street
                              Gregory, SD 57533
                              Telephone: (605) 835-8391
                              Facsimile: (605) 835-8742
                              stephanie@rosebudlaw.com
                              *Attorney for Plaintiff Terinie Sutherland*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Terinie Sutherland

### DEFENDANTS
Grangaard Construction, Inc. and Robert Clement

**(b)** County of Residence of First Listed Plaintiff: **Roberts**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Codington**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie E. Pochop | Johnson Pochop & Bartling
405 Main Street |PO Box 149 Gregory, SD 57533 (605) 835-8391

Attorneys *(If Known)*
Timothy J. Cummings | Green, Roby, Oviatt, Cummings & Linngren
816 S. Broadway Watertown, SD 57201

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended)

Brief description of cause:
Sex discrimination and reprisal discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $75,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/23/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Stephanie E. Pochop

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____